In re MASTER SETTLEMENT AGREEMENT ANTITRUST LITIGATION
No. MDL–1685.

Judicial Panel on Multidistrict Litigation.

June 16, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL * and DAVID R. HANSEN, Judges of the Panel.

### ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending in the Southern District of New York and three actions pending, respectively, in the Eastern District of Kentucky, Northern District of Oklahoma, and Middle District of Tennessee as listed on the attached Schedule A.[1] Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiffs in one Southern District of New York action (*Freedom Holdings*).[2] These plaintiffs seek coordinated or consolidated pretrial proceedings of these actions in the Southern District of New York. The Attorneys General of Arkansas, Kentucky, New York, Oklahoma and Tennessee oppose the motion, as does the New York Commissioner of Taxation and Finance. Certain plaintiffs in the other Southern District of New York action and plaintiffs in the Northern District of Oklahoma action initially opposed the motion; however, at oral argument, these plaintiffs withdrew their opposition to the motion and expressed their support for 1407 centralization in the Southern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that

---

* Judge Vratil took no part in the decision of this matter.

1. In addition to the actions before the Panel, the parties have notified the Panel of two related actions pending in the Western District of Arkansas.

2. Movants are Freedom Holdings, Inc., d/b/a North American Trading Company; and International Tobacco Partners, Ltd. (ITP). ITP is also a plaintiff in the other Southern District of New York action, the Middle District of Tennessee action and a related Western District of Arkansas action. Movants' counsel has represented to the Panel that plaintiffs in the latter two actions and the Eastern District of Kentucky action concur with the motion.

Section 1407 centralization would neither the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to persuade us that any common questions of fact are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this docket in which some constituent actions have been pending for years, multiple decisions are on appeal, trial has been held in one action and issues of state sovereignty will arise. Furthermore, the two actions in the Southern District of New York, although pending since 2002, have not been consolidated before one judge, and alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan. Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

### SCHEDULE A

*MDL–1685—In re Master Settlement Agreement Antitrust Litigation*

*Eastern District of Kentucky*

*Tritent International Corp., et al. v. Commonwealth of Kentucky, et al.,* C.A. No. 3:04–67

*Southern District of New York*

*Freedom Holdings, Inc., et al. v. Eliot Spitzer, et al.,* C.A. No. 1:02–2939

*Grand River Enterprises Six Nations, Ltd., et al. v. William Pryor, et al.,* C.A. No. 1:02–5068

*Northern District of Oklahoma*

*XCaliber International Limited, LLC, et al. v. W.A. Drew Edmonson,* C.A. No. 4:04–922

*Middle District of Tennessee*

*S & M Brands, Inc., et al. v. Paul G. Summers,* C.A. No. 3:05–171